CHIEF JUSTICE WHEAT
delivered the opinion of the court:
A paper purporting to be a copy of the last will and testament of Samuel Helm, deceased, (who lived and died domiciled in the county of Adams, in the state of Illinois,) and proved and admitted to record in the Adams county court, was produced by the executor named in the paper, and recorded in the county court of Shelby county, in this State, as the last will and testament of said Helm. By the paper, an attempt was made to dispose of a tract of land lying in Shelby county, Kentucky; and the order of the Shelby county court admitted the paper to record as a will so executed as to pass lands.
Rookesby married the widow of Samuel Helm, deceased, and they prosecuted a- writ of error from the order of the *50 Shelby county court to the circuit court for Shelby county. The Shelby circuit court, to whom the law and facts were submitted, without the intervention of a jury, affirmed the order of the Shelby county court, establishing the will as a will of personalty only.
From this judgment the executor named in the will, and the heirs of Samuel Helm, have appealed to this court.
By the 31st section of chapter 106, Revised Statutes, p. 698, “ when a will of a non-resident of this state, relative to estate within this state, has been proved without the same, an authenticated copy thereof, and the certificate of probate thereof, may be offered for probate in this state. When such copy is so-offered, the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the state or country of the testator’s domicile, and shall admit such copy to probate as a will of personalty in this state. And if it appears from such copy that the wall was proved in the foreign, court of probate to have been so executed as to b© a valid will of lands in this state, by the law thereof, such copy may be admitted to probate as a will of real estate.”
The 32d' section of the same chapter, (ubi supra,) among other things, provides for and regulates the manner of talcing the deposition of an attesting witness residing out of the state, where any will, or such authenticated copy, is offered for probate, and declares that “ the proof so given shall have the same effect as if it had been given in the court in which the commission issued.”
The copy of the will and probate produced in the Shelby county court, or any one of the copies used on the trial in the circuit court, was not an authenticated copy within the meaning of the statute. We think- the authentication required in the 31st section (ubi supra) was such as would make the copy admissible as evidence in the courts of this state.
The copies used in the court below, as appears from the record, did not have the certificate of the judge, chief justice, or presiding magistrate of the Adams county court annexed to *51 the certificate of the clerk, whose certificate was appended under the seal of the court.
“ The records and judicial proceedings of any court of the United States, or of any state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice, or presiding magistrate of the court, to be attested in due form, shall have such faith and credit given to them in this state, as they would have at the place whence the said records come.” (Revised Statutes, chapter 35, title Evidence, section 18, p. 313.) The copy, or copies, in question were not authenticated, either according to the requirements of the last mentioned statute, or the act of congress, approved the 26th of May, 1790. (1 Statute Law of Kentucky, by Morehead & Brown, p. 189.)
As it does not appear that any authenticated copy of the will of Samuel Helm, and probate thereof, was produced either in the county court or circuit court of Shelby county, we are of. the opinion that no error was committed by the judgment of' the Shelby circuit court to the prejudice of appellants.
Wherefore, the judgment of said circuit court is affirmed'.